UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

| | |
|---|---|
| EFRAIN LUNA, Individually and on Behalf of All Other Persons Similarly Situated,<br>        Plaintiffs,<br><br>    v.<br><br>CITY OF WESTFIELD,<br>        Defendant | C.A. No. 2024- |

**COMPLAINT**

**FLSA Collective Action Claims**

1. Defendant has since at least July 25, 2021, willfully violated the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. ("FLSA"), by failing to pay Plaintiff, ("Plaintiff"), and all other persons employed by them who are members of the Westfield Patrol Officers Coalition, one and one-half times their regular rate of pay for all hours worked in excess of 40 during each workweek and/or in excess of 171 during each 207k work period.

2. This action is brought as a collective action pursuant to 29 U.S.C. §216(b), on behalf of Plaintiff and all other persons who are or have been employed by Defendant and are members of the Westfield Patrol Officers Coalition between July 25, 2021 and the date of final disposition of this action (the "FLSA Class Period").

3. During the FLSA Class Period, Plaintiff and the FLSA Class Members are all subject to Defendant's common policy and practice of:

   a. failing to pay them any FLSA overtime; and/or

   b. failing to include their wage augments in determining their regular rate of pay and overtime pay for purposes of paying them FLSA overtime; and/or

   c. failing to pay them at a rate that is not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) during each workweek; and/or

   d. failing to pay them at a rate that is not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 171 hours bears to 28 days (e.g., more than 42.75 hours in an seven day period) as required by the FLSA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of Count I pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

6. Plaintiff is a resident of this district.

7. The City of Westfield regularly conducts business in this district.

8. A substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district.

9. The City of Westfield is engaged in interstate commerce.

## PARTIES

10. Plaintiff, Efrain Luna, is an individual with a residence of 111 Roosevelt Avenue, Westfield, Hampden County, Massachusetts. Mr. Luna has consented to being a plaintiff in this action. *See* **Exhibit A** hereto.

11. Defendant City of Westfield ("City") is a municipality, and a political subdivision, of the Commonwealth of Massachusetts.

## FACTUAL ALLEGATIONS

12. The City is an "employer" as defined 29 U.S.C. § 203(d).

13. The City is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s).

14. The City is a "public agency" as defined in 29 U.S.C. § 203(x).

15. The City has not established a 207(k) work period.

16. The City has not adopted a 207(k) work period.

17. During the FLSA Class Period, the City was not an exempt employer under the FLSA.

18. During the FLSA Class Period, Mr. Luna was not an exempt employee under the FLSA.

19. During the FLSA Class Period, the FLSA Class Members were not exempt employees under the FLSA.

20. During the FLSA Class Period, Plaintiff worked more than forty (40) hours in at least one workweek.

21. During the FLSA Class Period, the FLSA Class Members worked more than forty (40) hours in at least one workweek.

22. During the FLSA Class Period, Plaintiffs were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

23. During the FLSA Class Period, the FLSA Class Members were not paid overtime wages at the rate of one and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek as required by the FLSA.

24. During the FLSA Class Period, Plaintiff did not receive compensation at a rate not less than one and one-half times the regular rate at which he was employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 171 hours bears to 28 days (e.g., more than 53 hours in any seven day period) as required by the FLSA.

25. During the FLSA Class Period, the FLSA Class Members did not receive compensation at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours which bears the same ratio to the number of consecutive days in their work period as 212 hours bears to 28 days (e.g., more than 42.75 hours in an seven day period) as required by the FLSA.

26. Plaintiff is a member of the Westfield Patrol Officers Coalition.

27. The FLSA Class Members are members of the Westfield Patrol Officers Coalition.

28. Westfield Patrol Officers Coalition is the sole and exclusive bargaining agent for purposes of collective bargaining concerning the wages, hours and other working conditions for all police officers in the City of Westfield, but excluding reserve police officers, student officers, sergeants, lieutenants and captains, and the Chief of Police.

29. A collective bargaining agreement concerning the wages, hours and other working conditions of employment for Plaintiffs and the FLSA Class Members for the time period of July 1, 2022 to June 30, 2025, was executed by the City and Westfield Patrol Officers Coalition.

**REGULAR WORK SCHEDULE**

30. The City of Westfield does not have a time clock and does not record the specific hours worked by Plaintiff or any member of the Westfield Patrol Officers Coalition.

31. Plaintiff and members of the Westfield Patrol Officers Coalition have a standard work schedule of four (4) consecutive days of scheduled work followed by two (2) consecutive days of not scheduled to work.

32. Plaintiff and members of the Westfield Patrol Officers Coalition are typically scheduled to work 8.5 hours per shift on their scheduled work days.

33. Plaintiffs and members of the Westfield Patrol Officers Coalition are typically scheduled to work one of the following 8.5 hours shifts on their scheduled work days:

   a. 11:30 p.m. to 8:00 a.m.

   b. 7:30 a.m. to 4:00 p.m.

   c. 3:30 p.m. to 12:00 a.m.

### PLAINTIFF'S AND FLSA CLASS MEMBERS' PAY

34. During the FLSA Class Period, Plaintiff and the FLSA Class Members were typically paid on a bi-weekly basis.

35. During the FLSA Class Period, Plaintiff and the FLSA Class Members were paid at least some of the following wage augments or benefits:

   a. Educational Benefit (Quinn Bill);

   b. Holiday Pay;

   c. Shift Differentials;

   d. AED Stipend;

   e. Field Training Officer Stipend; and

   f. Narcan Stipend.

36. During the FLSA Class Period, none of the foregoing wage augments were included in the calculation of Plaintiff's or the FLSA Class Members' regular rate of pay for purposes of calculating overtime under the FLSA.

37. Defendant knew that its conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA.

## COUNT 1
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

38. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

39. Defendant employed Plaintiff and FLSA Class Members for workweeks longer than forty (40) hours.

40. During the weeks where Plaintiff and FLSA Class Members worked more than forty (40) hours, Plaintiff and FLSA Class Members did not receive compensation for their employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed as required by the FLSA.

41. Plaintiff and FLSA Class Members are entitled to damages.

## COUNT 2
## FAIR LABOR STANDARDS ACT – Payment of Overtime Due
## (29 U.S.C. § 207)

42. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

43. Plaintiff and FLSA Class Members worked hours in various work periods which, in the aggregate, exceeded the number of hours which bears the same ratio to the number of consecutive days in their work period as 171 hours bears to 28 days (e.g., more than 42.75 hours in any 7 day work period).

44. Plaintiff and FLSA Class Members did not receive compensation at a rate not less than one and one-half times the regular rate at which they were employed for the hours worked in various work periods that exceeded the aggregate number of hours

which bears the same ratio to the number of consecutive days in their work period as 171 hours bears to 28 days (e.g., more than 42.75 hours in any seven day work period) as required by the FLSA.

45. Plaintiff and FLSA Class Members are entitled to damages.

## Claims for Relief

Wherefore, Plaintiffs respectfully request that the Court:

A. Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendant to provide Plaintiff with lists of all persons employed by it during the FLSA Class Period, including but not limited to the last known address and telephone number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B. Enjoining Defendant from continuing to violate the FLSA and ordering Defendant to pay Plaintiff and FLSA Class Members in compliance with the FLSA;

C. Determine the damages sustained by Plaintiff and the FLSA Class Members as a result of Defendant's violations of 29 U.S.C. §207(a), and award those damages against Defendant and in favor of Plaintiff and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C. Award Plaintiff and the FLSA Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys', accountants' and experts' fees and such interest as may be allowed by law; and

      D.    Grant Plaintiff and the FLSA Class Members such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**.

Dated: September 5, 2024          Plaintiffs
By Their Attorneys,

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau, Esquire (BBO #643668)
Chelsea Choi, Esquire (BBO # 697440)
CONNOR & MORNEAU, LLP
273 State Street, 2nd Floor
Springfield, Massachusetts 01103
Tel:    (413) 455-1730
Fax:   (413) 455-1594
jmorneau@cmolawyers.com
cchoi@cmolawyers.com