**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

EFRAIN LUNA, Individually and on Behalf of
All Other Persons Similarly Situated,

     Plaintiffs,

  v.

CITY OF WESTFIELD,

     Defendant.

Civil Action No. 3:24-cv-30109-MGM

**DEFENDANT CITY OF WESTFIELD'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT AS TO COUNT I AND WILLFULNESS**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant City of Westfield ("City") hereby moves for summary judgment on Count I of the FLSA claims brought by Plaintiff Efrain Luna. Plaintiff, a retired police officer, contends in Count I that the City failed to pay all wages due pursuant to the overtime requirements of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 et seq. for hours worked in excess of 40 per week. He further contends that the City violated the FLSA willfully, such that a three year statute of limitations should apply.

As set forth in detail in the City's accompanying memorandum of law, the City established a work period in accordance with 29 U.S.C. § 207(k), under which the appropriate threshold for determining Plaintiff's eligibility for overtime compensation is 171 Hours in 28 days, not 40 hours in 7 days, obviating Court I. As to willfulness, the record is devoid of evidence suggesting that any potential violation of the FLSA by the City (which the City disputes) was willful. To the contrary, the record shows that the City complied in good faith with detailed overtime provisions in a collective bargaining agreement. Plaintiff's claim of a "willful" violation of the FLSA fails, and the City requests that the Court rule as a matter of law that the FLSA's two year statute of limitations applies to this case.

WHEREFORE, the City respectfully requests that the Court grant summary judgment in favor of the City on Count I, rule in the City's favor with respect to willfulness, and grant other and further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), the City respectfully requests that the Court grant a hearing on this motion because oral argument will assist the Court in deciding the issues raised herein.

DATED: June 5, 2026                          Respectfully submitted,

By: */s/ Elizabeth L. Sherwood*
    Barry J. Miller (Bar No. 661596)
    bmiller@seyfarth.com
    Alison H. Silveira (Bar No. 666814)
    asilveira@seyfarth.com
    Elizabeth L. Sherwood (Bar No. 687866)
    bsherwood@seyfarth.com
    Abigail D. Skinner (Bar No. 709705)
    askinner@seyfarth.com
    SEYFARTH SHAW LLP
    Seaport East
    Two Seaport Lane, Suite 1200
    Boston, Massachusetts  02210-2028
    Telephone: (617) 946-4800
    Facsimile:  (617) 946-4801

ATTORNEY FOR DEFENDANT
CITY OF WESTFIELD

2

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

I, Elizabeth Sherwood, hereby certify that I conferred with Plaintiff's counsel regarding the relief sought in the foregoing motion by video conference on February 18, 2026 and by email on June 4, 2026. The parties were unable to reach agreement on the issues identified in this motion. Plaintiff intends to oppose the motion.

*/s/ Elizabeth L. Sherwood*
Elizabeth L. Sherwood

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 5, 2026, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ Elizabeth L. Sherwood*
Elizabeth L. Sherwood