**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| EFRAIN LUNA, Individually and on Behalf of All Other Persons Similarly Situated, <br><br>                    Plaintiffs, <br><br>          v. <br><br> CITY OF WESTFIELD, <br><br>                    Defendant. | Civil Action No. 3:24-cv-30109-MGM |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant City of Westfield ("Defendant" or "City") hereby submits this Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment as to the proper measure of damages at issue in the lawsuit brought by Plaintiff Efrain Luna ("Plaintiff" or "Luna").

## <u>UNDISPUTED MATERIAL FACTS</u>

### <u>Adoption of 207(k) Work Period</u>

1.      The collective bargaining agreement ("2022-2025 CBA") between the City and the Westfield Patrol Officers Coalition (the "Union") that applied during the relevant time period for Luna's claims is dated between July 1, 2022 and June 30, 2025. *See* 2022-2025 CBA, attached as <u>Exhibit A</u>.

2.      The 2022-2025 CBA states:

> The standard work schedule shall consist of four (4) consecutive days of work consisting of eight (8) hours, thirty (30) minutes continuous hours of duty per day, followed by two (2) consecutive days off. The department will not assign an officer to an assignment with a work schedule which varies from the standard work schedule unless the employee agrees in advance to take the assignment with notice of its work schedule. The City declares a twenty-eight (28) work period in conformity with section 7(k) of the FLSA.

<u>Exhibit A</u> at § 24.4.

326038388v.5

3.      Prior to entering the 2022-2025 CBA, the City and the Union representing Plaintiffs were parties to a CBA dated July 1, 2016 to June 30, 2019 (the "2016-2019 CBA"). *See* 2016-2019 CBA, attached as Exhibit B.

4.      The 2016-2019 CBA was extended through a Successor Agreement to last through June 30, 2022. *Id*. at p. 36 (Successor Agreement).

5.      The 2016-2019 CBA contains identical language to the 2022-2025 CBA concerning the adoption of a 207(k) Work Period. *See* 2016-2019 CBA at § 24.4.

6.      The language formally "declar[ing]" a 207(k) Work Period is not contained in the City's CBA with the Union's predecessor, the International Brotherhood of Patrol Officers, Local 574, ("IBPO"), dated between 1996 and 1998 ("1996-1998 CBA"). *See generally* 1996-1998 CBA, attached as Exhibit C.

7.      The 1996-1998 CBA did, however, include the following language: "Compensatory time shall accrue to a limit of 480 hours. Compensatory time for time worked in excess of 171 hours in any 28 day work period shall be awarded at the rate of 1 and 1/2 times said hours worked." *Id.* at § 24.5.

8.      At all times relevant to this litigation, the City understood that its adoption of a 207(k) Work Period pursuant to the FLSA only required an agreement to implement such a work period by the City and the Union. *See* Deposition of Captain Eric Hall, ("Hall Tr."), excerpts attached as Exhibit D, at 19:12-20:3.

9.      Captain Eric Hall testified that the 207(k) Work Period language from the 1996-1998 CBA "was within the CBA when [he] got on the job in '97" and thus, the 207(k) Work Period was adopted "at some point prior to that." *Id.* 21:23-22:1.

2

10.    Captain Hall also testified that the 207(k) Work Period language fluctuations within the CBAs "had to have been negotiated with the union and agreed to by both sides because," over the course of his almost thirty year tenure, the City never unilaterally included language in the collective bargaining agreement. *Id.* 21:11-17, 112:10-113:8 ("Q. So how does bargaining generally work? Can the city unilaterally put language into the contract? A. No. . . . Q. And has that been the case since you've been there at the City of Westfield? A. Best of my knowledge yeah, [] always been the way it's been. Q. Okay. And to refresh my recollection, you've been there since? . . . A. I was hired in late '96 part-time and then full-time in early '97").

11.    Captain Hall also testified that "[a]nything that's put into or taken out of the contract has to be agreed to by both sides, by the city and the bargaining unit." *Id.* 112:16-113:1.

**Typical Work Schedule**

12.    The parties dispute whether, in practice, officers typically work closer to 8 hours or 8.5 hours when accounting for roll call, donning, and doffing. *See* Hall Tr. 43:17-46:2 (disputing that Plaintiff worked 8.5 hours every shit because of typical practice of officers leaving prior to scheduled end of shift set out in CBA), 62:1-20 (discussing that officers working Plaintiff's shift typically left 15 to 30 minutes prior to scheduled end time of shift).

13.    Assuming *arguendo* an 8.5 hour day, the regular weekly schedule set out in the 2022-2025 CBA is either 37 hours (4 days in 7) or 42.5 hours (5 days in 7), which averages to 40 hours per week. *See* 2022-2025 CBA § 24.4; Deposition of Efrain Luna, ("Luna Tr."), excerpts attached as Exhibit E, 69:6-70:5 (Plaintiff acknowledging that weekly schedule averages to 40 hours a week).

3

**Plaintiff's Employment History**

14.     Plaintiff was appointed to the position of "patrolman" by the City in or about January 1989. *See* Luna Tr. 16:2-8; April 29, 2012 City of Westfield Personnel Action Form, attached as Exhibit F.

15.     When Plaintiff joined the Westfield Police Department, he became a member of the IBPO. Luna Tr. 17:23-18:6.

16.     Shortly after joining the Westfield Police Department, Plaintiff became a union steward and was actively involved in collective bargaining. *Id.* 17:23-18:12 (represented midnight to 8 am shift as union steward shortly after joining IBPO union), 28:19-33:13 (discussing roles in collective bargaining process as union steward and president, including soliciting feedback from union members and participating in negotiations with the City).

17.     For a period of time between approximately 1990 and 1991, Plaintiff served as the Union Vice President. *Id*. 23:21-22, 39:15-21.

18.     Both the Union President and Vice President participate in negotiations related to the collective bargaining agreement. *Id.* 18:13-17, 26:15-27:3 (Vice President could be one of the elected negotiators who joins President for bargaining sessions).

19.     Plaintiff testified that he first saw the language "171 hours over 28 days" in the collective bargaining agreement "when [he] was vice president." *Id.* 39:12-17.

20.     Plaintiff testified that this language was in the collective bargaining agreement "before [he] became union vice president." *Id.* 44:4-7.

21.     Plaintiff served as the Union President from approximately 1993 to 2000. *Id*. 23:23-24:6.

326038388v.5

22.     As Union President, Plaintiff participated in approximately six grievance procedures. *Id*. 25:1-26:14; Hall Tr. 114:23-115:7 (discussing that Plaintiff, as Union president, participated in his own and others' grievances).

23.     Plaintiff filed a grievance in April 2000 regarding an alleged violation of the overtime shift assignment protocol set out in the CBA in effect at the time the grievance was filed. *See* April 3, 2000 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit G.

24.     He filed another grievance in February 2022 regarding an alleged failure by the City to comply with the grievance procedure in the 2016-2019 CBA, for two grievances also filed by Plaintiff in September and November 2021. *See* February 21, 2022 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit H.

25.     He filed an additional grievance in March 2022 regarding alleged violations of the 2016-2019 CBA's wage provisions and the Fair Labor Standards Act ("FLSA"), specifically alleging the City failed to pay all overtime wages owed to police officers working overtime and holiday shifts. *See* March 25, 2022 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit I.

26.     None of Plaintiff's numerous grievances mention the 207(k) Work Period adopted by the City. *See* Exhibits G-I ("Plaintiff's Grievances").

27.     Plaintiff testified he is not aware of any grievance filed by any other member of the Union related to the 207(k) Work Period. Luna Tr. 200:8-11.

28.     At some time around 2000, after John Blascak took over as Union President, members of the Westfield Police Department changed their union representation from the IBPO

326038388v.5

to the Westfield Patrol Officers Coalition ("Union" or "the Coalition"). Luna Tr. 19:6-20:19 (discussion of transition from IBPO to the Coalition).

29.    Following the transition, the City negotiated a new contract with the Union. *Id.* 71:4-12 (Plaintiff acknowledges 2016-2019 CBA was with the Coalition, not the IBPO).

30.    Plaintiff testified that no representative of the Union informed him, or any other member, that the Union was negotiating whether the City would be able to declare a 28-day Work Period. Luna Tr. 99:24-100:17.

31.    Plaintiff acknowledged that the Union could negotiate over any provision of the CBA, including the 28-day Work Period language. *Id.* 117:1-118:3 ("Q. If the [C]ity wants to add a sentence to the contract, can they do that unilaterally without asking the union? [] A. To add into the contract? Q. Yes. A. I do not believe so, no").

32.    Plaintiff worked more hours than an average Westfield police officer. *See* Luna Tr. 43:6-8 (acknowledging he worked "a lot of overtime shifts"), 125:7-15 (discussing volunteering to cover additional overtime shifts for other officers who could not take the overtime shift for personal reasons), 152:7-154:2 (discussing taking more overtime shifts than younger officers, who opted to take on detail shifts because they could make more money during a detail shift than an overtime shift); Hall Tr. 115:15-21 ("Q. Now, as to the specific hours, is there anybody who worked for the City of Westfield who to your knowledge worked as often as Mr. Luna did? A. [] specifically over the last several years[,] this was a pretty unique situation where Officer Luna worked as much department overtime as he did. That's not typically the case at all").

33.    Luna was paid in accordance with the premium pay requirements of the applicable CBAs which required 1.5 and 2 times his base salary. Luna Tr. 41:8-42:2 (discussing that he received overtime pay for regular shift time and claims of unpaid overtime wages pertain

6

exclusively to "roll-call" time prior to overtime shifts), 155:4-8 (City paid time and a half for overtime hours), 157:9-11 ("A. [] the overtime above my regular scheduled hours is paid time and a half"); Hall Tr. 35:15-20 ("Q. Has any police officer ever been paid FLSA overtime in accordance with 207(k)? A. Again, I believe they've been paid overtime in accordance with the language that is in the current and past CBAs").

34.    Plaintiff acknowledged never having any conversation with the City regarding the pay sought in connection with roll call time or the "171 hours over 28 days" language in the collective bargaining agreement prior to bringing this lawsuit. Luna Tr. 43:22-44:4 ("Q. So you'd seen [language] before, but you didn't recall having prior to that sort of detailed conversations about it? A. No. . . . it was [in the contract] and it was never brought up, so I didn't think it was important to discuss").

35.    Plaintiff took a ten month paid medical leave beginning in February 2024. *Id.* 78:15-21.

36.    Plaintiff received his regular pay check for 40 hours of work for the entirety of his medical leave and up until his retirement, but did not work any additional shifts as a patrolman after taking medical leave in February 2024. *Id.* 78:19-79:6.

37.    Plaintiff retired from his position as a patrolman for the Westfield Police Department on April 1, 2025. *Id.* 78:14-18.

**The City Did Not Willfully Violate the FLSA**

38.    Under the applicable CBAs, overtime work was considered to be any work outside of an officer's regular schedule. *See* 1996-1998 CBA, Article VI; 2016-2019 CBA, Article VI; 2022-2025 CBA, Article VI.

326038388v.5

39.     Overtime shifts were paid at premium rates, either 1.5 or 2 times an officer's base rate depending on the specific circumstances of the overtime. 1996-1998 CBA § 6.1; 2016-2019 CBA § 6.1; 2022-2025 CBA § 6.1.

40.     Overtime payments were also subject to certain minimum hours that would be paid, even if an officer worked less than the hours for which payment was received. *Id.*

41.     Officers could be, and often were, paid contractual premium overtime rates, even when they had worked less than 40 hours in a week. *Id;* Hall Tr. 125:5-126:5 (discussion of Plaintiff receiving 2.5 times regular pay for an overtime shift worked on the same day that Plaintiff took a vacation day).

42.     Any alleged underpayment for a specific Work Period would have been inadvertent. Hall Tr. 35:15-20 ("Q. Has any police officer ever been paid FLSA overtime in accordance with 207(k)? A. Again, I believe they've been paid overtime in accordance with the language that is in the current and past CBAs"), 36:14-15 ("A. . . . the City does believe everybody's been paid properly").

43.     The City considered its obligations to comply with FLSA overtime requirements to have been met in full through payment of premium rates for all extra hours worked. *See* 1996-1998 CBA, Article VI; 2016-2019 CBA, Article VI; 2022-2025 CBA, Article VI.

326038388v.5

DATED: June 5, 2026

Respectfully submitted,

By: */s/ Elizabeth L. Sherwood*
    Barry J. Miller, Bar No. 661596
    bmiller@seyfarth.com
    Alison H. Silveira, Bar No. 666814
    asilveira@seyfarth.com
    Elizabeth L. Sherwood, Bar No. 687866
    bsherwood@seyfarth.com
    Abigail Skinner, Bar No. 709705
    askinner@seyfarth.com
    SEYFARTH SHAW LLP
    Seaport East
    Two Seaport Lane, Suite 1200
    Boston, Massachusetts  02210-2028
    Telephone: (617) 946-4800
    Facsimile:  (617) 946-4801

ATTORNEYS FOR DEFENDANT
CITY OF WESTFIELD

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorneys of record for each party by email on June 5, 2026.

*/s/ Elizabeth L. Sherwood*
Elizabeth L. Sherwood

9

326038388v.5