IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(WESTERN DIVISION)

|  |  |
|---|---|
| EFRAIN LUNA, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>CITY OF WESTFIELD,<br><br>         Defendant. | Civil Action No. 3:24-cv-30109-MGM |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant City of Westfield ("Defendant" or "City") hereby submits this Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment as to the proper measure of damages at issue in the lawsuit brought by Plaintiff Efrain Luna ("Plaintiff" or "Luna").

## UNDISPUTED MATERIAL FACTS

### Adoption of 207(k) Work Period

1. The collective bargaining agreement ("2022-2025 CBA") between the City and the Westfield Patrol Officers Coalition (the "Union") that applied during the relevant time period for Luna's claims is dated between July 1, 2022 and June 30, 2025. *See* 2022-2025 CBA, attached as Exhibit A.

### RESPONSE: PLAINTIFF ADMITS FOR PURPOSES OF SUMMARY JUDGMENT.

2. The 2022-2025 CBA states:

The standard work schedule shall consist of four (4) consecutive days of work consisting of eight (8) hours, thirty (30) minutes continuous hours of duty per day,

1

followed by two (2) consecutive days off. The department will not assign an officer to an assignment with a work schedule which varies from the standard work schedule unless the employee agrees in advance to take the assignment with notice of its work schedule. The City declares a twenty-eight (28) work period in conformity with section 7(k) of the FLSA.

Exhibit A at § 24.4.

**RESPONSE: Plaintiff admits for purposes of Summary Judgment.**

3.      Prior to entering the 2022-2025 CBA, the City and the Union representing Plaintiffs were parties to a CBA dated July 1, 2016 to June 30, 2019 (the "2016-2019 CBA"). *See* 2016-2019 CBA, attached as Exhibit B.

**RESPONSE: Plaintiff admits for purposes of Summary Judgment.**

4.      The 2016-2019 CBA was extended through a Successor Agreement to last through June 30, 2022. *Id.* at p. 36 (Successor Agreement).

**RESPONSE: Plaintiff admits for purposes of Summary Judgment.**

5.      The 2016-2019 CBA contains identical language to the 2022-2025 CBA concerning the adoption of a 207(k) Work Period. *See* 2016-2019 CBA at § 24.4.

**RESPONSE: Plaintiff admits that the 2016-2019 CBA contains identical language to the 2022-2025 CBA concerning the 207(k) Work Period.  Plaintiff denies that it concerns the "adoption" oof a 207(k) work and the "adoption" of a 207(k) work period is an impermissible conclusion of law.  *See* 2016-2019 CBA at § 24.4.**

6.      The language formally "declar[ing]" a 207(k) Work Period is not contained in the City's CBA with the Union's predecessor, the International Brotherhood of Patrol Officers, Local

2

574, ("IBPO"), dated between 1996 and 1998 ("1996-1998 CBA"). *See generally* 1996-1998 CBA, attached as Exhibit C.

**RESPONSE: Plaintiff admits for purposes of Summary Judgment.**

7.      The 1996-1998 CBA did, however, include the following language: "Compensatory time shall accrue to a limit of 480 hours. Compensatory time for time worked in excess of 171 hours in any 28 day work period shall be awarded at the rate of 1 and 1/2 times said hours worked." *Id.* at § 24.5.

**RESPONSE: Plaintiff admits for purposes of Summary Judgment.**

8.      At all times relevant to this litigation, the City understood that its adoption of a 207(k) Work Period pursuant to the FLSA only required an agreement to implement such a work period by the City and the Union. *See* Deposition of Captain Eric Hall, ("Hall Tr."), excerpts attached as Exhibit D, at 19:12-20:3.

**RESPONSE: Plaintiff denies.  Hall Tr. 19:12 – 20:3 (indicating that to establish, maintain, and adopt a work period it had to be agreed to with no mention of implementing).**

9.      Captain Eric Hall testified that the 207(k) Work Period language from the 1996-1998 CBA "was within the CBA when [he] got on the job in '97" and thus, the 207(k) Work Period was adopted "at some point prior to that." *Id.* 21:23-22:1.

**RESPONSE: Plaintiff admits that was Hall's testimony.  Plaintiff denies that a work period was adopted and argues that the "adoption" of a 207(k) work period is an impermissible conclusion of law.**

3

10.    Captain Hall also testified that the 207(k) Work Period language fluctuations within the CBAs "had to have been negotiated with the union and agreed to by both sides because," over the course of his almost thirty year tenure, the City never unilaterally included language in the collective bargaining **agreement. *Id.* 21:11-17, 112:10-113:8.**

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

11.    Captain Hall also testified that "[a]nything that's put into or taken out of the contract has to be agreed to by both sides, by the city and the bargaining unit." *Id.* 112:16-113:1.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

**Typical Work Schedule**

12.    The parties dispute whether, in practice, officers typically work closer to 8 hours or 8.5 hours when accounting for roll call, donning, and doffing. *See* Hall Tr. 43:17-46:2, 62:1-20.

**RESPONSE: Plaintiff admits for purposes of this summary judgment motion only.**

13.    Assuming arguendo an 8.5 hour day, the regular weekly schedule set out in the 2022-2025 CBA is either 37 hours (4 days in 7) or 42.5 hours (5 days in 7), which averages to 40 hours per week. *See* 2022-2025 CBA § 24.4; Deposition of Efrain Luna, ("Luna Tr."), excerpts attached as Exhibit E, 69:6-70:5.

**RESPONSE: Plaintiff admits for purposes of summary judgment.**

**Plaintiff's Employment History**

14.     Plaintiff was appointed to the position of "patrolman" by the City in or about January 1989. *See* Luna Tr. 16:2-8; April 29, 2012 City of Westfield Personnel Action Form, attached as Exhibit F.

**RESPONSE: Plaintiff admits for purposes of summary judgment.**

15.     When Plaintiff joined the Westfield Police Department, he became a member of the IBPO. Luna Tr. 17:23-18:6.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion**

16.     Shortly after joining the Westfield Police Department, Plaintiff became a union steward and was actively involved in collective bargaining. *Id.* 17:23-18:12, 28:19-33:13.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

17.     For a period of time between approximately 1990 and 1991, Plaintiff served as the Union Vice President. *Id.* 23:21-22, 39:15-21.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

18.     Both the Union President and Vice President participate in negotiations related to the collective bargaining agreement. *Id.* 18:13-17, 26:15-27:3.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

19.    Plaintiff testified that he first saw the language "171 hours over 28 days" in the collective bargaining agreement "when [he] was vice president." *Id.* 39:12-17.

**RESPONSE: Plaintiff admits for purposes of summary judgment.**

20.    Plaintiff testified that this language was in the collective bargaining agreement "before [he] became union vice president." *Id.* 44:4-7.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

21.    Plaintiff served as the Union President from approximately 1993 to 2000. *Id.* 23:23-24:6.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

22.    As Union President, Plaintiff participated in approximately six grievance procedures. *Id.* 25:1-26:14; Hall Tr. 114:23-115:7.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

23.    Plaintiff filed a grievance in April 2000 regarding an alleged violation of the overtime shift assignment protocol set out in the CBA in effect at the time the grievance was filed. *See* April 3, 2000 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit G.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

24.    He filed another grievance in February 2022 regarding an alleged failure by the City to comply with the grievance procedure in the 2016-2019 CBA, for two grievances also filed

by Plaintiff in September and November 2021. *See* February 21, 2022 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit H.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

25.     He filed an additional grievance in March 2022 regarding alleged violations of the 2016-2019 CBA's wage provisions and the Fair Labor Standards Act ("FLSA"), specifically alleging the City failed to pay all overtime wages owed to police officers working overtime and holiday shifts. *See* March 25, 2022 Westfield Patrol Officers Coalition Grievance Form, attached as Exhibit I.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

26.     None of Plaintiff's numerous grievances mention the 207(k) Work Period adopted by the City. *See* Exhibits G-I ("Plaintiff's Grievances").

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

27.     Plaintiff testified he is not aware of any grievance filed by any other member of the Union related to the 207(k) Work Period. Luna Tr. 200:8-11.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

28.    At some time around 2000, after John Blascak took over as Union President, members of the Westfield Police Department changed their union representation from the IBPO to the Westfield Patrol Officers Coalition ("Union" or "the Coalition"). Luna Tr. 19:6-20:19.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

29.    Following the transition, the City negotiated a new contract with the Union. *Id.* 71:4-12.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

30.    Plaintiff testified that no representative of the Union informed him, or any other member, that the Union was negotiating whether the City would be able to declare a 28-day Work Period. Luna Tr. 99:24-100:17.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

31.    Plaintiff acknowledged that the Union could negotiate over any provision of the CBA, including the 28-day Work Period language. *Id.* 117:1-118:3.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

32.    Plaintiff worked more hours than an average Westfield police officer. *See* Luna Tr. 43:6-8, 125:7-15, 152:7-154:2; Hall Tr. 115:15-21.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

33.    Luna was paid in accordance with the premium pay requirements of the applicable CBAs which required 1.5 and 2 times his base salary. Luna Tr. 41:8-42:2, 155:4-8, 157:9-11; Hall Tr. 35:15-20.

**RESPONSE: Plaintiff denies for purposes of summary judgment and states that whether Luna was paid in accordance with the CBA is not material to Defendant's motion and whether Luna was paid in accordance with the FLSA is an impermissible conclusion of law.  Luna Aff. ¶¶ 6–7; WESTFIELD LUNA 000001–000037; WESTFIELD LUNA 000038–000060.**

34.    Plaintiff acknowledged never having any conversation with the City regarding the pay sought in connection with roll call time or the "171 hours over 28 days" language in the collective bargaining agreement prior to bringing this lawsuit. Luna Tr. 43:22-44:4.

**RESPONSE: Plaintiff admits for purposes of summary judgment.**

35.    Plaintiff took a ten month paid medical leave beginning in February 2024. *Id.* 78:15-21.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

36.    Plaintiff received his regular pay check for 40 hours of work for the entirety of his medical leave and up until his retirement, but did not work any additional shifts as a patrolman after taking medical leave in February 2024. *Id.* 78:19-79:6.

**RESPONSE: Plaintiff admits for summary judgment only that he received his regular paycheck for the entirety of his medical leave and up until his retirement, admits that he did not work any additional shits as a patrolman after taking medical leave in February 2024. Plaintiff denies his regular paycheck was for 40 hours of work per week as opposed to an**

9

**average of 40 hours of work per week. CBA, Art. 24.3 – 24.4; Luna Aff. ¶ 4; CBA, Art. 24.3 – 24.4; Deposition of Chief Jerome Pitoniak ("Pitoniak Tr."), at 9:15 – 10:11; 26:2-13; Luna Aff. ¶ 5; Pitoniak Tr. 10:4-11; 11:3-21; 28:7-18; Deposition of Michael McCabe ("McCabe Tr."), at 6:23 – 7:22; Luna Aff. ¶¶ 6–7; WESTFIELD LUNA 000001–000037; WESTFIELD LUNA 000038–000060.**

37.    Plaintiff retired from his position as a patrolman for the Westfield Police Department on April 1, 2025. *Id.* 78:14-18.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

**The City Did Not Willfully Violate the FLSA**

38.    Under the applicable CBAs, overtime work was considered to be any work outside of an officer's regular schedule. *See* 1996-1998 CBA, Article VI; 2016-2019 CBA, Article VI; 2022-2025 CBA, Article VI.

**RESPONSE: Plaintiff admits for purposes of summary that "contractual overtime work" was considered to be any work outside of an officer's regular schedule.**

39.    Overtime shifts were paid at premium rates, either 1.5 or 2 times an officer's base rate depending on the specific circumstances of the overtime. 1996-1998 CBA § 6.1; 2016-2019 CBA § 6.1; 2022-2025 CBA § 6.1.

**RESPONSE: Plaintiff admits for purposes of summary judgment that "contractual overtime shifts" were paid at premium rates, either 1.5 or 2 times an officer's base rate depending on the specific circumstances of the overtime and states that this fact is not material to Defendant's motion..**

10

40.     Overtime payments were also subject to certain minimum hours that would be paid, even if an officer worked less than the hours for which payment was received. *Id.*

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

41.     Officers could be, and often were, paid contractual premium overtime rates, even when they had worked less than 40 hours in a week. *Id.*; Hall Tr. 125:5-126:5.

**RESPONSE: Plaintiff admits for purposes of summary judgment and states that this fact is not material to Defendant's motion.**

42.     Any alleged underpayment for a specific Work Period would have been inadvertent. Hall Tr. 35:15-20, 36:14-15.

**RESPONSE: Plaintiff denies and states that this sentence contains an impermissible conclusion of law. Plaintiff's Statement of Undisputed Material Facts in Support of his Motion for Partial Summary Judgment, Facts 59-82.**

43.     The City considered its obligations to comply with FLSA overtime requirements to have been met in full through payment of premium rates for all extra hours worked. *See* 1996-1998 CBA, Article VI; 2016-2019 CBA, Article VI; 2022-2025 CBA, Article VI.

**RESPONSE: Plaintiff denies and states that this sentence contains an impermissible conclusion of law. Plaintiff's Statement of Undisputed Material Facts in Support of his Motion for Partial Summary Judgment, Facts 71.**

11

Dated: July 6, 2026

Plaintiff
By His Attorneys,


**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau, Esquire (BBO #643668)
CONNOR & MORNEAU, LLP
136 Dwight Road
Longmeadow, Massachusetts 01106
Tel:    (413) 455-1730
Fax:    (413) 455-1594
jmorneau@cmolawyers.com

### CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants on the date of its filing.

**/s/ Jeffrey S. Morneau**
Jeffrey S. Morneau